UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| DOMINIEK HOLMES, individually and on behalf of all other persons similarly situated<br><br>Plaintiff,<br><br>v.<br><br>LISA'S FOOD ENTERPRISES, INC., and ROSARIO IRACI<br><br>Defendants. | Case No.: 23-CV-4873<br><br>**SECOND AMENDED COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

**SECOND AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff Dominiek Holmes ("Mr. Holmes") by and through his attorneys, Danny Grace PLLC as and for his Second Amended Complaint in this action against Defendant Lisa's Food Enterprises, Inc. (the "Company"), and Defendant Rosario Iraci ("Iraci") alleges upon personal knowledge and upon information and belief as to the matters as follows:

**NATURE OF THE CLAIMS**

1. This action is brought pursuant to the Fair Labor Standards Act, 29 U.S.C. §§206 et. seq. ("FLSA"), New York Labor Law, Article 6 §§ 190 et seq., ("NYLL"), and the New York Codes, Rules and Regulations ("'NYCRR'"); to recover unpaid wages and damages resulting from Defendants' failure to pay overtime wages to Mr. Holmes; its failure to pay him all 'spread of hours' wages owed to him; its failure to give him his allotted meal breaks; and for retaliation against Mr. Holmes for complaining about the aforementioned violations by reducing his hours, increasing his workload disproportionately to his coworkers, and subjecting him to racist comments, and all similarly situated individuals who were formerly or are presently employed by Defendant Lisa's Food Enterprises, Inc.

2. This action is also for declaratory, injunctive, and equitable relief, as well as monetary damages, to redress unethical and unlawful employment practices against Plaintiff and all similarly situated individuals in violation of the FLSA, NYLL, and NYCRR.

3. Plaintiff is an employee of Defendant Lisa's Food Enterprises, Inc.

4. Defendant Lisa's Food Enterprises, Inc., its subsidiaries and owners benefitted from the services of Plaintiff and all similarly situated individuals, without fully compensating them.

5. Upon information and belief, individual Defendant Iraci serves as owner, manager, principal, or agent of Defendant Lisa's Food Enterprises, Inc., with a mailing address at 60 Ridge Loop, Staten Island, NY 10304.

6. At all times relevant to this Complaint, Defendants maintain a policy and practice of failing to pay overtime wages, failing to pay 'spread of hours' wages, failing to give allotted meal breaks, as required by federal and state law and regulations, and for retaliation against employees who complain about the aforementioned violations.

7. At all times relevant to this litigation, Defendants maintained a policy and engaged in the practice of withholding wages earned by Plaintiff and the members of the putative class and collective in violation of the FLSA, NYLL, and NYCRR.

8. By reason of Defendants' failure to pay Plaintiff and members of the putative class and collective duly earned wages, Defendants are liable to Plaintiff and members of the putative class and collective for damages incurred as a result of the failure to pay all wages, plus accruing interest, liquidated damages, and attorney's fees, no part of which has been paid though duly demanded.

9. Defendants' conduct was knowing, malicious, willful, and wanton, and showed a reckless disregard for Plaintiff, which has caused and continues to cause economic and non-economic damages, including Plaintiff's severe mental anguish and distress.

10. Plaintiff has initiated this action on his own behalf, and on behalf of all similarly situated employees, seeking unpaid wages and benefits that he and all similarly situated employees were deprived of, plus interest, liquidated damages, attorney's fees and costs.

## JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343, and 1337 as this action is brought under the Fair Labor Standards Act, 29 U.S.C. §§ 207 *et seq.* ("FLSA").

12. This Court has supplemental jurisdiction over Plaintiff's related claims arising under state law pursuant to 28 U.S.C. § 1367(a).

13. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

14. Venue is proper in the United States District Court, Eastern District of New York, pursuant to 28 U.S.C. § 1391, because Defendant Lisa's Food Enterprises, Inc. regularly transacts business in the district and because a substantial part of the events or omissions giving rise to this action occurred in this district.

## PARTIES

15. Plaintiff Dominiek Holmes resides in the State of New York and began his employment with Defendants as a Crew Member in March 2022.

16. Defendant Lisa's Food Enterprises, Inc. is a domestic business corporation and incorporated under Section 402 of Business Corporation Law with the Secretary of the State of New York, and with headquarters located at 60 Ridge Loop, Staten Island, NY 10304.

17. Upon information and belief, individual Defendant Iraci serves, or served as owner, manager, principal, or agent of Defendant Lisa's Food Enterprises, Inc., with a mailing address at 60 Ridge Loop, Staten Island, NY 10304.

18. Upon information and belief, Defendant Iraci is the owner of Defendant Lisa's Food Enterprises, Inc. Defendant Iraci possesses operational control over Defendant Lisa's Food Enterprises, Inc., an ownership interest in Defendant Lisa's Food Enterprises, Inc., and controls significant functions of Defendant Lisa's Food Enterprises, Inc. He determines the wages and compensation of the employees of Defendants, including Plaintiff Holmes, establishes the schedules of employees, maintains employee records and has the authority to hire and fire employees.

19. Defendant Iraci is sued individually in his capacity as owner, officer and/or agent of Defendant Lisa's Food Enterprises, Inc.

20. The FLSA defines "employee" to include any person acting directly or indirectly in the interest of an employer in relation to an employee, and an employee is anyone who is suffered or permitted to work. As a result, including as further described below, Defendants are liable as "employer" under the FLSA.

21. Upon information and belief, Defendant Lisa's Food Enterprises, Inc. annual gross volume of sales made, or business done, is more than $500,000.00, and further, during Plaintiff's employment with Defendants, he routinely engaged in activities which facilitated or were related to interstate commerce while on the job.

22. Upon information and belief, Defendant Lisa's Food Enterprises, Inc. is engaged in interstate commerce, including handling and working with goods or materials that have been moved in or produced for interstate commerce.

23. At all relevant times, Defendants met the definition of an "employer" under all applicable statutes.

## FLSA COLLECTIVE ACTION AND Rule 23 CLASS ACTION ALLEGATIONS

24. This action is properly maintainable as a collective action pursuant to the FLSA 29 U.S.C. § 216(b) and as a Class Action under Rule 23 of the Federal Rules of Civil Procedure ("Rule 23").

25. Plaintiff's collective claims arising under federal law are brought on behalf of himself and a collective consisting of individuals who currently or formerly worked for Defendants ("FLSA Collective" or "Putative Collective").

26. At all relevant times, Plaintiff and other members of the FLSA collective action and class action under Rule 23 were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay the Plaintiff the required wages for work under the FLSA.

27. The claims of Plaintiff stated herein are similar to those of the other employees.

28. Plaintiff's class claims arising under New York state law are brought on behalf of himself and a class consisting of individuals who currently or formerly worked for Defendants within the state of New York for a period of six (6) years prior to filing this Complaint ("Rule 23 Class" or "Putative Class").

29. Plaintiff and members of the putative class and collective are all victims of the Defendants' common policy and/or plan to violate the FLSA and NYLL and NYCRR by failing to pay its Employees for all hours worked, for overtime duly earned, and/or for spread of hour pay pursuant to the FLSA, NYLL, and NYCRR.

30. Defendants had a policy and practice of failing to pay their Employees for all hours worked, for overtime duly earned, and/or for spread of hour pay, which has resulted in Plaintiff and members of the putative class and collective not earning lawful wages under FLSA, NYLL, and NYCRR.

31. The putative class is so numerous that joinder of all members is impracticable. The size of the putative class is believed to be in excess of forty (40) employees.

32. The questions of law and fact common to the putative class predominate over any questions affecting only individual members. The questions of law and fact include but are not limited to: (1) whether Defendants failed to pay Plaintiff and putative class members for all hours worked; (2) whether Defendants failed to pay Plaintiff and putative class members overtime pay; (3) whether Defendants failed to pay Plaintiff and putative class members 'spread of hours' pay; (4) whether Defendants failed to give Plaintiff and putative class members their allotted meal breaks; (5) whether Defendants retaliated against Plaintiff and putative class members for complaining of the aforementioned violations.

33. The claims of Plaintiff are typical of the claims of the putative class members. Plaintiff, like all members of the putative class, was subject to Defendants' policies and willful practice of refusing to pay employees for all hours worked, failure to pay overtime worked, failure to give allotted meal breaks, and retaliation. Thus, Plaintiff and putative class members have sustained similar injuries as a result of Defendants' actions.

34. Plaintiff and his counsel will fairly and adequately protect the interests of the putative class. Plaintiff has retained counsel experienced in complex litigation.

35. A class action is superior to other available methods for the fair and efficient adjudication of this controversy over unpaid wages. A class action will prevent unduly duplicative litigation resulting from inconsistent judgments pertaining to Defendants' common policies.

## FACTUAL ALLEGATIONS

36. Plaintiff began his employment with Defendant Lisa's Food Enterprises, Inc. as a Crew Member at its McDonald's restaurant located at 119-05 Liberty Avenue, Richmond Hill, New York 11419, in March 2022.

37. Plaintiff was promoted to Crew Trainer in June 2022.

38. Defendants employed Plaintiff and the members of the putative class and collective to perform restaurant services.

39. During the entirety of his employment, the services of Plaintiff and members of putative class and collective were an integral part of Defendants' business.

40. During the entirety of his employment, Plaintiff's duties included, but were not limited to, providing various services in Defendants' McDonald's restaurant.

41. Throughout Plaintiff's employment, Defendants have retained the absolute right to control and direct Plaintiff's job duties and the manner in which Plaintiff performed his services. Defendants also retained complete authority to evaluate Plaintiff's performance.

42. Defendants have the authority to hire or terminate Plaintiff's employment with Lisa's Food Enterprises, Inc.

43. During the entirety of his employment, Plaintiff has had no authority to delegate work and projects to others. Defendants retained the final say in deciding who worked on what and when.

44. When Plaintiff needs to take a break, approval from Defendants is required.

45. Throughout Plaintiff's employment, Defendants would communicate to Plaintiff what work should be done and evaluated Plaintiff's work.

46. At all relevant times, Plaintiff did not have any independent opportunity for profit or loss, nor did he have any investment in Defendants' business.

47. Like Plaintiff, members of the putative class and collective worked for Defendants as employees and Defendants benefited from their services as employees.

48. Plaintiff works each week for Defendants from Monday through Saturday, for a minimum of forty (40) hours per week.

49. Plaintiff's pay rate is $15.50 per hour.

50. Defendants intentionally violated the FLSA, NYLL, 12 NYCRR §146.1.6, and 12 NYCRR §146.1.4 by refusing and failing to pay Plaintiff overtime pay, 'spread of hours' pay, failing to give Plaintiff his allotted meal breaks, and retaliating against Plaintiff for complaining about the aforementioned violations.

51. By way of non-exhaustive example, Plaintiff worked more than forty (40) hours during the following weeks: April 4-10, 2022; May 2-8, 2022; May 9–15, 2022; May 23-29, 2022; May 30-June 5, 2022; June 6-12, 2022; August 8-14, 2022. Plaintiff earned his minimum pay rate of $15.50 for every hour worked but did not receive overtime pay of $23.25 per hour for hours he worked in excess of forty (40) hours during those weeks.

52. Defendants did not provide Plaintiff with overtime pay when he worked in excess of forty (40) hours per week. Indeed, often when Plaintiff worked in excess of forty (40) hours per week, his hours in excess of forty (40) hours would be deferred into a later paycheck in order to avoid accruing additional overtime rates.

53. By way of non-exhaustive example, Plaintiff worked for more than ten hours a day on the following dates: April 5, 2022; April 9, 2022; April 10, 2022; April 16, 2022; May 7, 2022; May 9, 2022; May 14, 2022; May 21, 2022; May 24, 2022; May 28, 2022; May 29, 2022; June 5, 2022; June 12, 2022; June 25, 2022; June 26, 2022; July 3, 2022; July 16, 2022; July 17, 2022. Plaintiff did not receive his duly owed spread of hours pay, or receive allotted meal breaks for this time.

54. Like Plaintiff, members of the putative class and collective were treated in the same fashion and not paid overtime earned, 'spread of hours' pay owed, and were not given allotted meal breaks.

55. While employed by Defendants, Plaintiff was not exempt under the FLSA and NYLL. Plaintiff and members of the putative class and collective were entitled to overtime pay.

56. Like Plaintiff, members of the putative class and collective did not receive overtime pay and were subject to the same pay practices.

57. While employed by Defendants, Plaintiff and members of the putative class and collective were entitled to 'spread of hours' pay any time they worked in excess of ten (10) hours per day.

58. Defendants did not provide Plaintiff with 'spread of hours' pay when he worked in excess of ten (10) hours per day.

59. Like Plaintiff, members of the putative class and collective did not receive 'spread of hours' pay and were subject to the same pay practices.

60. Employment with Defendants is Plaintiff's only source of income and thus failure to pay him what he is owed has resulted in undue hardship to Plaintiff.

61. Defendants did not provide Plaintiff with his allotted meal breaks as required by NYLL when Plaintiff worked more than six (6) hours per day.

62. Like Plaintiff, members of the putative class and collective did not receive their allotted meal breaks as required by NYLL when they worked for more than six (6) hours per day for Defendants.

63. On April 12, 2023, Plaintiff's counsel mailed its letter of representation to Defendants, enumerating the unlawful employment practices of Defendants, and indicating that Plaintiff was receptive to resolving this matter.

64. Defendants did not respond to the letter.

65. Rather, in response to having received said communication, and knowing that Plaintiff was represented by counsel and that all communications regarding Mr. Holmes' case were to be directed to Plaintiff's counsel, Defendant Lisa's Food Enterprises, Inc.'s owner, Rosario Iraci, appeared at Mr. Holmes' place of employment to speak with him.

66. Plaintiff had never seen the Company's owner at his place of employment before.

67. The Company's owner forced Plaintiff to sign a document drafted by the Company's owner.

68. Plaintiff felt that he was forced to sign this document at the risk of losing his employment.

69. Plaintiff is not certain what he signed, and he was not given a copy of the document.

70. Upon being informed of this, Plaintiff's counsel sent a further communication to Defendants on May 3, 2023, alerting Mr. Iraci to the fact that Plaintiff's counsel was informed of the foregoing, demanding that Mr. Iraci cease all communication with Plaintiff regarding anything relating to his case, and demanding that a copy of said document be forwarded to Plaintiff's counsel.

71. Defendants failed to forward a copy of the document to Plaintiff's counsel.

72. Subsequent to the mailing of Plaintiff's counsel's follow-up letter, Defendants began to retaliate against Plaintiff, giving him far more work than his coworkers, who would stand around watching Plaintiff work.

73. Additionally, Plaintiff, an African-American man, has been subject to racist comments on a daily basis since Defendants received the undersigned's law firm's letter of representation.

74. Defendants' retaliatory treatment of Plaintiff is an attempt to coerce Plaintiff into resigning from his employment with Defendants.

75. Not only was Defendants' conduct unlawful, but it has also caused, and continues to cause Plaintiff and members of the putative class and collective significant economic damages.

76. On or around August 11, 2023, Plaintiff was badly injured on the job when he slipped as the result of a leak in the kitchen.

77. Plaintiff remains out of work on medical leave while undergoing tests and treatment and is receiving Workers Compensation benefits.

78. On November 15, 2023, Plaintiff contacted his manager at the restaurant to confirm that he was still employed by Defendants.

79. Plaintiff's manager confirmed that he was still employed by Defendants.

80. This Complaint ensues.

## FIRST CAUSE OF ACTION
**Violations of the Fair Labor Standards Act, 29 U.S.C. § 207**
**(Failure to Pay Overtime)**

81. Plaintiff hereby repeats and realleges each and every allegation in each of the preceding paragraphs as if fully set forth herein.

82. Plaintiff's employment was controlled and directed by Defendants; the services rendered by Plaintiff were and are an integral part of Defendants' business.

83. For the entirety of his employment, Plaintiff's work schedule and hours were made by Defendants. Defendants control the manner of Plaintiff's performance.

84. The economic realities of Plaintiff and Defendants' relationship is such that Plaintiff is dependent on Defendants for employment and Plaintiff provides services as an employee.

85. Throughout the period covered by the applicable statute of limitations, Plaintiff and other FSLA overtime Plaintiffs were required to work and did in fact work in excess of forty (40) hours per workweek.

86. Throughout the period covered by the applicable statue of limitations, Plaintiff and other FLSA overtime Plaintiffs were required to work and did in fact work in excess of forty (40) hours per workweek.

87. Throughout the period covered by the applicable statute of limitations, Defendants knowingly failed to pay Plaintiff and the FLSA overtime Plaintiffs the statutorily required overtime rate for all hours worked in excess of forty (40) hours per workweek.

88. Defendants' conduct was willful and lasted for the duration of the relevant time period.

89. Defendants' conduct was in violation of the Fair Labor Standards Act, 29 U.S.C. §207.

90. As a direct and proximate result of Defendants' unlawful conduct in violation of the FLSA, Plaintiff has suffered and continues to suffer severe economic damage, mental anguish, and emotional distress, including, but not limited to, depression, and injury, for which he is entitled to an award of monetary damages, penalties, liquidated damages, attorney's fees, and other relief.

91. For the foregoing reasons, Defendants are liable to Plaintiff and members of the putative collective in an amount to be determined at trial, plus liquidated damages, interest, attorney's fees and costs.

## SECOND CAUSE OF ACTION
**Violations of the New York Labor Law and the New York Codes, Rules, and Regulations§ 146-1.4 (Failure to Pay Overtime)**

92. Plaintiff hereby repeats and realleges each and every allegation in each of the preceding paragraphs as if fully set forth herein.

93. Throughout the period covered by the applicable statute of limitations, Plaintiff was required to work and did in fact work in excess of forty (40) hours per workweek.

94. Throughout the period covered by the applicable statute of limitations, Defendants knowingly failed to pay Plaintiff the statutorily required overtime rate for all hours worked in excess of forty (40) hours per workweek.

95. Defendants' failure to pay Plaintiff and members of the putative collective their rightfully owed compensation was willful.

96. Defendants' conduct was in violation of the New York Labor Law and the New York Codes, Rules, and Regulations §146-1.4.

97. As a direct and proximate result of Defendants' unlawful conduct in violation of the NYLL and the New York Codes, Rules, and Regulations §146-1.4, Plaintiff has suffered and continues to suffer severe economic damage, mental anguish, and emotional distress, including, but not limited to, depression, and injury, for which he is entitled to an award of monetary damages, penalties, liquidated damages, attorney's fees, and other relief.

98. For the foregoing reasons, Defendants are liable to Plaintiff and members of the putative collective in an amount to be determined at trial, plus liquidated damages, interest, attorney's fees and costs.

## THIRD CAUSE OF ACTION
**Violations of the New York Labor Law and the New York Codes, Rules, and Regulations§ 146-1.6 ("Spread of Hours" Pay)**

99. Plaintiff hereby repeats and realleges each and every allegation in each of the preceding paragraphs as if fully set forth herein.

100. At all relevant times, Plaintiff and members of the putative class are employees in a restaurant.

101. At all relevant times, Plaintiff and members of the putative class are not exempt employees.

102. At all relevant times, Plaintiff and members of the putative class worked more than ten hours per day, exclusive of meals and intervals off duty.

103. On each day on which the spread of hours exceeds 10, an employee shall receive one additional hour of pay at the basic minimum hourly rate.

104. The additional hour of pay is not a payment for time worked or work performed and need not be included in the regular rate for the purpose of calculating overtime pay.

105. Defendants knowingly failed to pay Plaintiff the statutorily required 'spread of hours' pay for each day worked in excess of ten (10) hours.

106. Defendants' failure to pay Plaintiff and members of the putative collective their rightfully owed compensation was willful.

107. Defendants' conduct was in violation of the New York Labor Law and the New York Codes, Rules, and Regulations §146-1.6.

108. For the foregoing reasons, Defendants are liable to Plaintiff and members of the putative class in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees, and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, for himself and on behalf of the putative class and collective, prays that the Court enter judgment in his favor and against Defendants, containing the following relief:

A. An award declaring that Defendants engaged in unlawful employment practices prohibited by the Fair Labor Standards Act and New York State Labor Law by failing to pay Plaintiff earned wages;

B. An award of damages to Plaintiff for all lost wages and benefits resulting from Defendants' unlawful employment practices and to otherwise make him whole for any losses suffered as a result of such unlawful employment practice;

C. An award of damages to Plaintiff and the members of putative class and collective for unpaid wages and reimbursement in an amount to be proven at trial;

D. An award of compensatory damages for Plaintiff's mental, emotional and physical injury, distress, pain and suffering and injury to his reputation in an amount to be proven at trial;

E.	An award of liquidated damages as result of Defendants' willful failure to pay wages of Plaintiff and the members of putative class and collective in an amount to be proven at trial;

F.	An award of Plaintiff's attorney's fees, costs, and expenses incurred in the prosecution of this action; and

G.	Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy Defendants' unlawful employment practices.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues so triable.

Dated:	November 22, 2023
	New York, New York				Respectfully submitted,

							DANNY GRACE PLLC
							*ATTORNEYS FOR PLAINTIFF*
							225 BROADWAY, SUITE 1200
							NEW YORK, NY 10007
							(212) 202-2485


							_____
							DANIEL GRACE
							DOUGLAS MACE