**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

DOMINIEK HOLMES,

Plaintiff,

v.

LISA'S FOOD ENTERPRISES, INC., and ROSARIO IRACI,

Defendants.

Case No.: 1:23-cv-4873-RPK-TAM

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

# PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

Dated: January 17, 2024
New York, New York

Respectfully submitted,

DANNY GRACE PLLC
*ATTORNEYS FOR PLAINTIFF*
225 BROADWAY, SUITE 1200
NEW YORK, NY 10007
(212) 202-2485

________/s/______________________
DOUGLAS MACE, ESQ.

Contents

**Table of Authorities** ........ 2

**PRELIMINARY STATEMENT** ........ 4

**STATEMENT OF FACTS** ........ 5

**ARGUMENT** ........ 5

**I. LEGAL STANDARD UNDER 12(B)(6)** ........ 5

**II. PLAINTIFF HAS ADEQUATELY PLED THAT HE WORKED OVERTIME FOR WHICH HE WAS NOT COMPENSATED IN VIOLATION OF THE FLSA AND NYLL** ........ 8

**III. THE COURT SHOULD EXERCISE SUPPLEMENTAL JURISDICTION OVER THE REMAINING STATE LAW CLAIM** ........ 9

**IV. PLAINTIFF'S NYLL §191 CLAIM** ........ 9

**V. MEAL BREAK VIOLATION** ........ 10

**VI. PLAINTIFF DOES NOT ASSERT A RETALIATION OR A RACE HARASSMENT CLAIM** . 10

**VII. THE COURT SHOULD NOT EXERCISE ITS DISCRETION AND STAY DISCOVERY PENDING THE MOTION TO DISMISS** ........ 10

**CONCLUSION** ........ 11

# Table of Authorities

## Cases

Ashcroft v. Iqbal, 556 U.S. 662 129 S.Ct. 1937 (2009)............................................................ 6

Bakeer v. Nippon Cargo Airlines Co Ltd, Nos. 09 CV 3374 (RRM), 09 CV 3375 (RRM), 09 CV 3377(RRM), 09 CV 3378(RRM), 2011 WL 3625103 (E.D.N.Y. July 25, 2011) ............... 7

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 546, 127 S. Ct. 1955, 1959 ( 2007).................... 6

Dejesus v. HF Mgmt. Servs., LLC, 726 F.3d 85, 90 (2d Cir. 2013)............................................ 8

DiFolco v. MSNBC LLC, 62 F. 3d 104, 113 (2d Cir. 1010)………………………………………6

Geisler v. Petrocelli, 616 F.2d 636 (2d Cir. 1980) ........................................................................ 7

Goldberg v. Danaher, 599 F.3d 181 (2d Cir. 2010). ..................................................................... 6

Hachette Distribution, Inc. v. Hudson County News Co., Inc., 136 F.R.D. 356, 358 (E.D.N.Y.1991 ........................................................................................................................ 11

Herrera v. Comme Des Garcons, Ltd., 84 F.4th 110, 115 [2d Cir. 2023...................................... 8

Hollins v. United States, 469 F. Supp. 2d 67, 78 (E.D.N.Y. 2006 ............................................... 10

In re Currency Conversion Fee Antitrust Litig., No. MDL 1409, M21–95, 2002 WL 88278, at *1 (S.D.N.Y. Jan.22, 2002) ........................................................................................................ 10

In re Currency Conversion, 2002 WL 88278, at *1............................................................. 10, 11

Lundy v. Cath. Health Sys. of Long Island Inc., 711 F.3d 106, 114 (2d Cir. 2013) ...................... 8

MacPherson v. Town of Southampton, 664 F.Supp.2d.203 (E.D.N.Y. 2009)............................ 6

Moore v. Painwebber, Inc., No. 96 Civ. 6820, 1997 WL 12805, at *1 (S.D.N.Y. Jan. 14, 1997) 10

Nakahata v. New York-Presbyterian Healthcare Sys., Inc., 723 F.3d 192, 200 (2d Cir. 2013)..... 8

Nakahata, 723 F.3d at 201……………………………………………………………………8,9

Old Republic Ins. Co. v. Hansa World Cargo Serv., Inc., 170 FRD 361 (S.D.N.Y. 1997). ...... 6

Old Republic Ins. Co., 170 FRD at 370……………………………………………………………7

Retail Clerks Int'l Ass'n v. Schermerhorn, 373 U.S. 746, 83 S. Ct. 1461 (1963)………,……..7

Ricciuti v. N.Y.C. Transit Authority, 941 F.2d 119, 123 (2d Cir. 1991)………………………6

Ricciuti, 941 F.2d at 123……………………………………………………………………...7

Telesca v. Long Island Housing Partnership, Inc., No. CV 05–5509, 2006 WL 1120636, at *1 (E.D.N.Y. Apr.27, 2006)............................................................................................................ 11

Telesca, 2006 WL 1120636, at *1……………………………………………………………..12

United States v. County of Nassau, 188 F.R.D. 187, 188 (E.D.N.Y.1999)................................. 10

**Statutes**

Federal Rules of Civil Procedure 12(b)(6)………………………………………………4-6, 7, 11

Federal Rules of Civil Procedure 8(a)(2)…………………………………………………...7

## PRELIMINARY STATEMENT

Plaintiff Dominiek Holmes, ("Plaintiff") by and through his attorneys, Danny Grace PLLC, respectfully submits this memorandum of law in opposition to the motion of ("Defendants") to dismiss Plaintiff's Second Amended Complaint under Federal Rule of Civil Procedure 12(b)(6). As set forth below, Defendants' motion should be denied in its entirety.

## STATEMENT OF FACTS

Plaintiff began his employment with Defendant Lisa's Food Enterprises, Inc. as a Crew Member at its McDonald's restaurant in March 2022. Compl. ¶36. Plaintiff was promoted to Crew Trainer in June 2022. Compl. ¶37. Defendants employed Plaintiff and the members of the putative class and collective to perform various restaurant services. Compl. ¶38. Plaintiff works each week for Defendants from Monday through Saturday, for a minimum of forty (40) hours per week. Compl. ¶38. Plaintiff's pay rate is $15.50 per hour. Compl. ¶49. Defendants intentionally violated the FLSA, NYLL, 12 NYCRR §146.1.6, and 12 NYCRR §146.1.4 by refusing and failing to pay Plaintiff overtime pay and 'spread of hours' pay. Compl. ¶50. By way of non-exhaustive example, Plaintiff worked more than forty (40) hours during the following weeks: April 4-10, 2022; May 2-8, 2022; May 9–15, 2022; May 23-29, 2022; May 30-June 5, 2022; June 6-12, 2022; August 8-14, 2022. Compl. ¶51. Plaintiff earned his minimum pay rate of $15.50 for every hour worked but did not receive overtime pay of $23.25 per hour for hours he worked in excess of forty (40) hours during those weeks. Compl. ¶51. Indeed, often when Plaintiff worked in excess of forty (40) hours per week, his hours in excess of forty (40) hours would be deferred into a later paycheck in order to avoid accruing additional overtime rates. Compl. ¶52. By way of non-exhaustive example, Plaintiff worked for more than ten hours a day on the following dates: April 5, 2022; April 9, 2022; April 10, 2022; April 16, 2022; May 7, 2022; May 9, 2022; May 14, 2022; May 21, 2022; May 24, 2022; May 28, 2022; May 29, 2022; June 5, 2022; June 12, 2022; June 25, 2022; June 26, 2022; July 3, 2022; July 16, 2022; July 17, 2022. Compl. ¶53. Plaintiff did not receive his duly owed spread of hours pay for these dates. Compl. ¶53.

## ARGUMENT

### I. LEGAL STANDARD UNDER 12(B)(6)

Plaintiff's claims should not be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)") because Plaintiff states claims upon which relief can be granted. "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." MacPherson v. Town of Southampton, 664 F.Supp.2d.203, 207 (E.D.N.Y. 2009) (*quoting* Bell Atl. Corp. v. Twombly, 550 U.S. 544, 546, 127 S. Ct. 1955, 1959 ( 2007); *see also*, Ricciuti v. N.Y.C. Transit Authority, 941 F.2d 119, 123 (2d Cir. 1991).

A motion to dismiss based on Rule 12(b)(6) should be denied if a complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 663, 129 S.Ct. 1937, 1940 (2009) (internal citations omitted). A claim is facially plausible if the pleaded facts permit a court to reasonably infer that Plaintiff is entitled to relief. Id.

Further, "in ruling on a motion pursuant to Fed.R.Civ.P. 12(b)(6), the duty of a court 'is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof.' *Cooper v. Parsky,* 140 F.3d 433, 440 (2d Cir.1998) (internal citation and quotation marks omitted)." DiFolco v. MSNBC LLC, 62 F. 3d 104, 113 (2d Cir. 1010).

When evaluating a motion to dismiss, a court must limit its consideration to the allegations "contained within the four corners of the complaint." Goldberg v. Danaher, 599 F.3d 181, 183-84 (2d Cir. 2010). "[A] court also must read the complaint generously and draw reasonable inferences in favor of the pleader." Old Republic Ins. Co. v. Hansa World Cargo Serv., Inc., 170 FRD 361, 370 (S.D.N.Y. 1997). It is also well held that "the court's function is merely to assess the legal feasibility of the complaint, not to assay the weight of

the evidence which might be offered in support thereof." Id. (quoting, Geisler v. Petrocelli, 616 F.2d 636, 639 (2d Cir. 1980)). The court is also bound to give Plaintiff the benefit of every reasonable inference to be drawn from the allegations of complaints. Retail Clerks Int'l Ass'n v. Schermerhorn, 373 U.S. 746, 753 n.6, 83 S. Ct. 1461, 1465 n.6 (1963) Thus, the plaintiff need not necessarily plead a particular fact if that fact may be reasonably inferred from facts properly alleged. Id.

Fair notice of the grounds for relief along with a short and plain statement of the claim are all that is required. Id. at 508 (citing Federal Rules of Civil Procedure 8(a)(2)). Thus, a "court should not dismiss [a] complaint for failure to state a claim 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Ricciuti, 941 F.2d at 123.

The real issue is "whether the [plaintiff] is entitled to offer evidence to support the claims" rather than "whether he will ultimately prevail." Bakeer v. Nippon Cargo Airlines Co Ltd, Nos. 09 CV 3374 (RRM), 09 CV 3375 (RRM), 09 CV 3377(RRM), 09 CV 3378(RRM), 2011 WL 3625103 at*22 (E.D.N.Y. July 25, 2011).

Finally, the Old Republic court opined that where "a complaint is dismissed for failing to state a claim upon which relief can be granted under Rule 12(b)(6), it is the usual practice to allow leave to replead." Old Republic Ins. Co., 170 FRD at 370.

According to applicable law, and for the reasons more thoroughly set forth below, Plaintiff's Complaint alleges facts that sufficiently state claims upon which relief can be granted and the Court should deny Defendants' Motion to Dismiss in its entirety.

## II. PLAINTIFF HAS ADEQUATELY PLED THAT HE WORKED OVERTIME FOR WHICH HE WAS NOT COMPENSATED IN VIOLATION OF THE FLSA AND NYLL

A Plaintiff must provide "some degree of 'specificity' in order to sufficiently plead an FLSA overtime claim." Nakahata v. New York-Presbyterian Healthcare Sys., Inc., 723 F.3d 192, 200 (2d Cir. 2013). Further, "in order to state a plausible FLSA overtime claim, a plaintiff must sufficiently allege 40 hours of work in a given workweek as well as some uncompensated time in excess of the 40 hours." Lundy v. Cath. Health Sys. of Long Island Inc., 711 F.3d 106, 114 (2d Cir. 2013). As the 2nd Circuit has recently held, "[n]othing more is required." Herrera v. Comme Des Garcons, Ltd., 84 F.4th 110, 115 [2d Cir. 2023].

Moreover, "the plaintiff need not keep 'careful records' of the number of hours worked each week or calculate and 'plead their hours with mathematical precision.'" Id. at 114 (Quoting Dejesus v. HF Mgmt. Servs., LLC, 726 F.3d 85, 90 (2d Cir. 2013). In fact, a complaint need not even "set forth the approximate number of unpaid regular and overtime hours allegedly worked," although such an "approximation ... may help draw a plaintiff's claim closer to plausibility." Nakahata, 723 F.3d at 201.

However, "we have also taken care not to foreclose relief to plaintiffs who neglected to keep 'careful records' of the hours they worked. Dejesus, 726 F.3d at 90. Thus, none of the three decisions requires plaintiffs who plausibly allege that they worked in excess of forty hours for multiple weeks without overtime pay to provide a week-by-week recounting of the hours they worked." Herrera at 115.

Further, in addressing the sufficiency of the Plaintiffs' complaint in Herrera, the Court held that "[p]laintiffs have identified a period of time when they were employed to work more than forty hours per week as part of their regularly scheduled workweek, and they have also quantified

the number of hours they were required to work as part of their regular schedule, Nakahata, 723 F.3d at 201. They have done so even though we have previously held that such a quantification, though helpful, is unnecessary. The Plaintiffs have thus alleged even more than what is minimally required at this stage." Id.

Here, Plaintiff has pled that each week he worked six days a week, Monday through Saturday. Compl. ¶48. Further, Plaintiff's Second Amended Complaint enumerates seven weeks where Plaintiff worked more than forty hours. Compl.¶51. Plaintiff also alleges "'some uncompensated time in excess of the 40 hours.' Lundy, 711 F.3d at 114; Dejesus, 726 F.3d at 88." Id. Compl. ¶52. "Nothing more is required." Id.

Finally, and similarly, with regard to Plaintiff's claim that Defendants failed to pay him 'spread of hours' pay, Plaintiff enumerates eighteen days where he worked for ten hours or more and for which he alleges that he did not receive all or any 'spread of hours' pay. Compl.¶53.

## III. THE COURT SHOULD EXERCISE SUPPLEMENTAL JURISDICTION OVER THE REMAINING STATE LAW CLAIM

In light of the fact that Plaintiff has stated a plausible cause of action under the FLSA, as set forth supra, Defendants' contention that the Court should not exercise supplemental jurisdiction over Plaintiff's state law claim is both unavailing and moot. 28 U.S.C. § 1367(a).

## IV. PLAINTIFF'S NYLL §191 CLAIM

While Defendants' counsel devotes ample space in Defendants' motion to dismiss based on an alleged claim brought pursuant to NYLL ¶191, no such claim is asserted in Plaintiff's Second Amended Complaint. Defendants confuse Plaintiff's Second Amended Complaint with Plaintiff's First Amended Complaint.

## V. MEAL BREAK VIOLATION

Likewise, while Plaintiff alleges that he and the putative class were not allowed meal breaks, Plaintiff does not assert this as a cause of action in his Second Amended Complaint. However, "[l]unch breaks count towards the forty-hour total," Herrera at 116, and thus Plaintiff's assertion that he regularly worked through his allotted meal breaks remains relevant to a determination of whether Plaintiff has sufficiently plead his claim for unpaid overtime and 'spread of hours' pay.

## VI. PLAINTIFF DOES NOT ASSERT A RETALIATION OR A RACE HARASSMENT CLAIM

While Plaintiff's Second Amended Complaint does address that Plaintiff was subjected to retaliation as the result of his having complained of Defendants' unlawful employment practices, that is, by reducing his hours, increasing his workload disproportionately to his coworkers, and subjecting him to racist comments, Plaintiff does not assert a cause of action for the same. Should Plaintiff be unlawfully terminated in response to his protected complaints and his commencing of this lawsuit, Plaintiff would revisit the issue.

## VII. THE COURT SHOULD NOT EXERCISE ITS DISCRETION AND STAY DISCOVERY PENDING THE MOTION TO DISMISS

While "[u]nder Fed.R.Civ.P. 26(c), a district court may stay discovery during the pendency of a motion to dismiss for 'good cause' shown. *See In re Currency Conversion Fee Antitrust Litig.,* No. MDL 1409, M21–95, 2002 WL 88278, at *1 (S.D.N.Y. Jan.22, 2002); *United States v. County of Nassau,* 188 F.R.D. 187, 188 (E.D.N.Y.1999); *Moore v. Painwebber, Inc.,* No. 96 Civ. 6820, 1997 WL 12805, at *1 (S.D.N.Y. Jan. 14, 1997). The mere filing of a motion to dismiss does not constitute 'good cause' for the issuance of a stay. *See In re Currency Conversion,* 2002 WL 88278, at *1; *County of Nassau,* 188 F.R.D. at 188." Hollins v. United States, 469 F. Supp. 2d 67,

78 (E.D.N.Y. 2006).

Further, "Courts consider the following factors in determining whether a stay is appropriate: 1) whether the defendant has made a strong showing that the plaintiff's claim is unmeritorious; 2) the breadth of discovery and the burden of responding to it; and 3) the risk of unfair prejudice to the party opposing the stay. *See Telesca v. Long Island Housing Partnership, Inc.,* No. CV 05–5509, 2006 WL 1120636, at *1 (E.D.N.Y. Apr.27, 2006); *In re Currency Conversion,* 2002 WL 88278, at *1. Courts also may take into consideration the nature and complexity of the action, whether some or all of the defendants have joined in the request for a stay, and the posture or stage of the litigation. *See Telesca,* 2006 WL 1120636, at *1; *Hachette Distribution, Inc. v. Hudson County News Co., Inc.,* 136 F.R.D. 356, 358 (E.D.N.Y.1991)." Id.

In the instant matter, Defendants have not made a strong showing that Plaintiff's claim is unmeritorious. At best, Defendants raise arguments that necessitate discovery, including but not limited to, the production of all of Plaintiff's paystubs and timesheets. Moreover, the burden to Defendant is nonexistent, as Defendants' counsel has represented in court that Defendants' counsel is in possession of all of the relevant documents. Finally, staying discovery would result in unfair prejudice to the Plaintiff, as most or all of the evidence in support of his case is in the possession of the Defendants. Plaintiff's ability to prosecute this action is severely impaired without the production of these documents.

**CONCLUSION**

Based on the foregoing case law and facts, Plaintiff respectfully requests that this court: (i) issue an Order denying Defendants' motion to dismiss the case pursuant to Rule 12(b)(6); and (ii) any further relief that the Court deems just and proper.

Dated: January 17, 2024

Sincerely,

________/S/________________

Douglas Mace, Esq.
Danny Grace PLLC
225 Broadway, Suite 1200
New York, NY 10007
(212) 202-2485