**DANNY GRACE, P.C.**

ATTORNEYS AND COUNSELORS AT LAW

225 BROADWAY, SUITE 1200
NEW YORK, NY 10007
212.202-2485
718-732-2821 FAX

Writer's email:  Douglas@dannygracepc.com
Writer Admitted in:  New York, United States District Court for the Southern, Eastern and Northern Districts of New York

**VIA ECF**

Honorable Taryn A. Merkl
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:  Holmes v Lisa's Food Enterprises, Inc., and Rosario Iraci
          Case No. 1:23-CV-04873

Dear Judge Merkl:

    Danny Grace PLLC (the "Firm") represents Plaintiff Dominiek Holmes ("Plaintiff") in the above-referenced action. Goldberg Segalla represents Lisa's Food Enterprises, Inc., and Rosario Iraci ("Defendants") from filing of the Complaint [ECF Document #1] until execution of the Settlement Agreement (the "Agreement"). Following an agreement to settle the matter in its entirety, Plaintiff submits the attached Agreement and this letter in support of the settlement of the case. Plaintiff requests that the Agreement be approved by the Court.

    Should the Court approve the settlement agreement, the dismissal order shall incorporate the settlement agreement and provide that the Court will retain jurisdiction over any question or dispute arising out of or pursuant to the settlement agreement, including enforcement of the settlement agreement due to non-payment.

## I.    INTRODUCTION

    Plaintiff sought to recover unpaid wages owed to him, and allegedly withheld without legal cause or jurisdiction, and sought action for declaratory, injunctive, and equitable relief, as well as monetary damage, to redress Defendant's alleged unlawful employment practices against the Plaintiff. Defendant has not filed an answer in this action.

    On September 30, 2024, the parties participated in a settlement conference. The conference was successful, and the matter was resolved on that date. Plaintiff signed the Agreement on October 20, 2024, and Defendant signed it on October 24, 2024.

## II.    THE SETTLEMENT AGREEMENT IS FAIR AND REASONABLE UNDER *CHEEKS* AND *WOLINKSY*

    The Agreement provides for the settlement of all of Plaintiff's FLSA claims in exchange for a payment of $12,000.00.

When parties privately settle FLSA claims with prejudice, the settlement must be approved by a district court or the Department of Labor. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015), cert. denied, 136 S. Ct. 824 (2016). To warrant such approval, the parties must satisfy the court that their agreement is "fair and reasonable." *Flores v. Food Express Rego Park, Inc.*, No. 15-cv-1410, 2016 WL 386042, at *1 (E.D.N.Y. Feb. 1, 2016).

"In determining whether the proposed settlement is fair and reasonable, a court should consider the totality of the circumstances, including, but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel, and (5) the possibility of fraud or collusion." *Wolinsky v. Scholastic, Inc.*, 900 F.Supp.2d 332, 335 (S.D.N.Y. 2012) (internal citations omitted). Factors that weigh against approving a settlement include: (1) the presence of other employees situated similarly to the claimant, (2) a likelihood that the claimant's circumstances will recur, (3) a history of FLSA non-compliance by the employer or others in the same industry or geographic region, and (4) the desirability of a mature record and appoint determination of the governing factual or legal issues to further develop the law. *Id.* at 336 (internal citations omitted).

## A. Plaintiff's Range of Possible Recovery Supports Settlement Approval

While Defendant disputed liability in this matter, the funds given to Plaintiff under the settlement are in order to secure an early-stage resolution of the dispute and in light of the following extent of liability:

1. Failure to pay Plaintiff timely; failure to account for all of the hours which he worked; failure to pay overtime; failure to pay spread-of-hours pay; failure to pay Plaintiff the hourly rates to which he was entitled; and failure to provide Plaintiff with wage notices. All of the foregoing is in violation of the FLSA, the NYLL and the NYCRR.

Based on the above considerations, the parties reached a negotiated resolution of this matter. Defendants categorically deny the allegations based upon a thorough investigation into Plaintiff's claims and an analysis of its documents to date.

**This weighs in favor of approval.**

## B. Plaintiff's Avoidance of the Burden to Establish His Respective Claims Supports Settlement Approval

The settlement amount is reasonable in light of the considerable risk Plaintiff faces in securing an outcome that is better than or even equal to the Agreement. Defendant has and will argue that Plaintiff was paid overtime for weeks in which he worked over 40 hours in the work week and paid spread of hours compensation for the days in which he worked over 10 hours. Defendant has produced documentation, including payroll and time records, which supports its position and had recently received third-party documentation evidencing Plaintiff's time punches.

In light of the significant litigation risks Plaintiff faces, the Agreement's terms weigh heavily in favor of approving this Settlement as fair and reasonable.

### C. Resolution of the Action at This Stage of the Litigation and on the Basis of Arm's-Length Bargaining Between Counsel Supports Settlement Approval

The parties' proposed Agreement is the product of arm's-length bargaining between experienced counsel and is absent of any fraud or collusion. The Agreement was reached after multiple conferences of counsel and the sharing of documents and applicable case law. The Agreement avoids the unnecessary costs and difficulties of further litigation. Additional discovery and/or motion practice is unlikely to provide any additional detail useful to the parties because all available time and pay records have been provided. **This weighs in favor of approval.**

### D. Review of the Negative Wolinsky Factors Supports Settlement Approval

A review of the Negative Wolinksy Factors weighs heavily in favor of approving this Settlement as fair and reasonable. Defendant has provided Plaintiff with information sufficient for Plaintiff to conclude that he faces substantial risk of failure to prove his causes of action. As such, further discovery would likely prove futile. The parties are therefore not aware of any reason why a more "mature record" would need to be developed in this action.

### E. Plaintiff's Counsel's Request for Attorneys' Fees Is Reasonable and Supports Settlement Approval

The Firm is requesting attorneys' fees equaling $4,000 plus $1,093.06 of costs representing the following fees and expenses related to this action:
$402: Filing of this action
$6.80: Pacer research
$368: Subpoena service
$273: Service of process
$43.26: Certified mailing

One-third of recovery is considered well within normal parameters for attorney fees in litigation. The Firm has worked a total of approximately 71.99 hours on this matter as of the date of this submission. The hours reported are reasonable and were compiled from contemporaneous time records maintained by this Firm. The Firm ordinarily and regularly bills legal time on an hourly fee basis at the Firm's attorney rate. The Firm's Managing Attorney rate is $550 an hour. The following chart summaries the time spent on this matter:

| INDIVIDUAL, POSITION | HOURLY RATE | TOTAL HOURS | FEES |
|---|---|---|---|
| Douglas Mace Managing Attorney | $550 | 71.99 | **$39,594.50** |

**TOTAL FEES**     **$39,594.50**

Given the time and resources invested into this matter, and the exceptional result on behalf of the Plaintiff, the Court should approve Counsel's fees of $4,000.00 plus $1,093.06 fees—which falls well below the total billable amount—as it is fair and reasonable.

## III.  CONCLUSION

The parties, therefore, jointly submit this request that this Court approve the proposed Settlement Agreement as fair and reasonable pursuant to the standards of this Court and the Circuit under which this Court sits.

*     *     *

### Exhibits

**Exhibit A** – Settlement Agreement.

Dated: October 25, 2024

New York, New York

Respectfully submitted,

By: _____/s/_____
    Douglas Mace, Esq.
    Danny Grace PLLC
    225 Broadway, Suite 1200
    New York, NY 10007
    (212) 202-2485

*Attorneys for Plaintiff Dominiek Holmes*